**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John McGHEE, Defendant–Appellant.**

**No. 87–5707.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 7, 1988.

Decided Aug. 22, 1988.

---

W. Gary Blackburn (argued), Barnett and Alagia, Nashville, Tenn., William D. Mitchell, Sparta, Tenn., for defendant-appellant.

Joe B. Brown, U.S. Atty., Nashville, Tenn., Robert J. Washko (argued), for plaintiff-appellee.

Before ENGEL, Chief Judge *, RYAN, Circuit Judge, and PORTER, Senior District Judge.**

RYAN, Circuit Judge.

Defendant-appellant, John McGhee, pled guilty to Counts I and VI of a nine-count indictment. The district court denied his motion to arrest judgment pursuant to Fed. R.Crim.P. 34, as to Count I. In his motion, McGhee argued that the indictment, charging him with a violation of 21 U.S.C. §§ 843(b) and 846 for knowingly and intentionally using a communication facility "in an attempt to facilitate the possession and distribution of a controlled substance," failed to state a chargeable offense. We agree and reverse.

## I.

McGhee was the Sheriff in White County, Tennessee, and became involved with several individuals who expressed an interest in operating a nightclub within White County featuring prostitution and "high stakes" gambling. One of the individuals subsequently became a government informant. McGhee agreed to "cooperate" with the proposed nightclub enterprise and to close down "the competition." The informant reported this information to the FBI along with information that McGhee also agreed to protect illegal narcotic distribution.

An FBI Special Agent, posing as a potential financial backer for the nightclub, met with some of the promoters of the enterprise, and eventually met with McGhee. The agent gave McGhee, through an intermediary, $6,000 for the protection McGhee promised. At a second meeting, the agent, accompanied by a second undercover agent, discussed with McGhee the need for a "safe" landing area for a plane carrying a shipment of cocaine.

Between May 20, 1986, and May 29, 1986, McGhee telephoned the special agent several times to discuss the cocaine shipment. On May 29, 1986, an airplane operated by FBI agents flew from Memphis, Tennessee, to White County Airport. The special agent called McGhee while the plane was enroute and again when the plane landed. McGhee informed the agent that he had checked the area and that everything was okay. Other undercover FBI agents met the plane at the airport, and a simulated unloading of cocaine was carried out. In fact, the shipment was not

* The Honorable Albert J. Engel assumed the duties of Chief Judge effective April 1, 1988.

** The Honorable David S. Porter, Senior Judge for the United States District Court for the Southern District of Ohio, sitting by designation.

cocaine or drugs of any kind. The agents loaded the boxes into their car, and drove off. On July 5, 1986, the special agent paid McGhee $5,000 for his participation.

A second flight was planned and on June 12, 1986, a customs officer, also part of the undercover plan, called McGhee and told him that he had information that a plane carrying a shipment of narcotics from Colombia was going to land somewhere in middle Tennessee. The customs officer informed McGhee that his assistance was being sought in order to stop any such activity. McGhee told the customs officer that he would cooperate. McGhee then relayed the information to the special agent with whom he had been working and told him that he should "step it up or shorten it." On June 19, 1986, a second flight to White County Airport took place. The special agent placed telephone calls to McGhee, who assured the agent that everything was clear, whereupon another simulated unloading of mock contraband took place.

McGhee met with the agent on June 25, 1986, in Nashville, Tennessee, to obtain payment for his services. After being paid $15,000 for his assistance and $5,000 for the customs officer's information, McGhee was arrested.

The original indictment was filed on June 27, 1986. A jury trial was held in December 1986, and resulted in a mistrial. A superseding nine-count indictment was filed on January 21, 1987.[1] On May 1, 1987, McGhee pled guilty to Count I, alleging violation of 21 U.S.C. §§ 843(b) and 846, and Count VI, alleging violation of 18 U.S.C. § 1952(a). The remaining seven counts of the indictment were dismissed. On May 5, 1986, McGhee filed a motion to arrest judgment on Count I of the indictment, pursuant to Fed.R.Crim.P. 34, arguing that the language of Count I did not state a criminal offense. The motion was denied.

McGhee was sentenced to three years imprisonment on Count I and received a suspended sentence on Count VI. He was placed on probation and fined $5,000. From the denial of his motion to arrest judgment on Count I, McGhee now appeals.

## II.

As a preliminary matter we note that Fed.R.Crim.P. 34 states, in pertinent part, that "[t]he court on motion of a defendant shall arrest judgment if the indictment or information does not charge an offense...." "The objection that the indictment fails to charge an offense is not waived by a guilty plea." *United States v. Meacham,* 626 F.2d 503, 510 (5th Cir.1980).

Count I of the superseding indictment states:

On or about May 20, 1986, in the Middle District of Tennessee, John McGhee did knowingly and intentionally use a communication facility, that is a telephone in an *attempt to facilitate* the possession and distribution of a controlled substance, to wit: cocaine, a Schedule II narcotic.

In violation of Title 21 United States Code, Section 843(b) and 846. (Emphasis added).

The charge in Count I derives from a combination of 21 U.S.C. §§ 846 and 843(b). Section 843(b) states:

It shall be unlawful for any person knowingly or intentionally to use any communication facility *in committing* or in causing or facilitating *the commission* of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private

1. The original indictment charged McGhee with two counts of attempt to distribute or possess with intent to distribute cocaine pursuant to 21 U.S.C. § 846, one count of using a telephone to facilitate the promotion of unlawful activity pursuant to 18 U.S.C. § 1952(a), and 4 counts of using a telephone in an attempt to facilitate the possession and distribution of cocaine pursuant to 21 U.S.C. §§ 843(b) and 846. The superseding indictment charged McGhee with five counts of violating 18 U.S.C. § 1952(a), four counts of violating 21 U.S.C. §§ 843(b) and 846, but did not charge him with the attempt violations pursuant to 21 U.S.C. § 846.

instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication. (Emphasis added).

21 U.S.C. § 843(b). Section 846 states:

Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846.

McGhee argues that the charge alleging a violation of a combination of §§ 843(b) and 846, in the manner alleged in Count I of the indictment, does not state an offense. We agree.

To sustain a "facilitating" conviction pursuant to § 843(b) alone, the government must prove three elements: (1) a knowing or intentional (2) use of a communication facility (in this case, a telephone) (3) to facilitate the commission of a drug offense. *United States v. Ward*, 696 F.2d 1315, 1319 (11th Cir.1983). Section 846 allows one to be charged with attempt as a substantive offense. Sections 843(b) and 846 may be combined in either of two ways to make out a valid charge. First, one may properly be charged with attempting (§ 846), to knowingly or intentionally use a telephone to facilitate the commission of a drug offense (§ 843(b)). Second, one may be charged with knowingly or intentionally using a telephone to facilitate an attempt (§ 846) to commit a drug offense. *United States v. Mims*, 812 F.2d 1068 (8th Cir.1987).

However, in this case, Count I charges neither of those offenses, but alleges instead that McGhee knowingly or intentionally used a telephone "to attempt to facilitate" an offense (possession and distribution). Thus, he is not charged either with intentionally using a telephone to facilitate the commission of an attempt to commit a drug offense, or with attempting to intentionally use a telephone to facilitate the commission of a drug offense. Instead, a hybrid is alleged: the intentional using of a telephone "to attempt to facilitate" to commit a drug offense.

It is undisputed that no cocaine was actually possessed, distributed, or transported in carrying out the scam "drug" operation. A charge under § 843(b) such as the second option hypothecated, requires however, that the government prove the commission of an underlying offense.

When the underlying offense is an inchoate one such as attempt or conspiracy, then the attempt or conspiracy is all that must be shown to establish the underlying offense, and it is not necessary to show completion of the objective of that inchoate crime. When the Government charges as the underlying offense the substantive object of the inchoate crime rather than the attempt or conspiracy itself, then by definition the Government must prove the completed object when establishing the underlying offense. *United States v. Rey*, 641 F.2d 222, 224 n. 6 (5th Cir.1981). As *Rey* makes clear, had McGhee been charged with intentionally using a telephone to facilitate an attempt to commit a drug offense, no cocaine need have been involved, because no actual contraband is necessary for the commission of the attempt offense. *United States v. Reeves*, 794 F.2d 1101 (6th Cir.1986). However, to prove facilitation of "possession and distribution of [cocaine]" the government "must prove the completed object." *Rey, supra*. An "attempt to facilitate possession and distribution" charge then, is an effort by the government to avoid the requirement of proving the completed object. It is a failed effort however, because the government may avoid the requirement of proving actual "possession and distribution" of a narcotic only by charging either attempt as a substantive offense pursuant to § 846 or by charging attempt as the underlying offense pursuant to § 843(b). However, "an attempt to facilitate" charge is neither, and fails to state a cognizable offense under the Drug Abuse Act.

The government places heavy reliance on *Reeves, supra*, and *United States v. Pierorazio*, 578 F.2d 48 (3rd Cir.1978), for the

proposition that an "attempt to facilitate" is a chargeable offense. In *Reeves*, the factual situation was nearly identical to that involved here, but the offense charged was not. There, the defendant was a deputy sheriff who provided protection for supposed cocaine drops from an airplane. In fact, the substance was not cocaine. Unlike McGhee in this case, the defendant in *Reeves* assisted in transporting the substance from the drop site to a safer place. The issue in *Reeves* was whether the defendant could be charged with attempting to possess cocaine when the "contraband" he possessed was not cocaine. The *Reeves* court held that, as in *Rey*, in proving an attempt, "it is not necessary to show completion of the objective of" the attempt. *Rey*, 641 F.2d at 224 n. 6. In this case, however, the actual underlying offense being prosecuted is not an attempt, but rather, the possession and distribution of cocaine. The government properly charged McGhee with the substantive crime of attempt in the first indictment but, after a mistrial, elected not to include that charge in the superseding indictment. Whether McGhee might have been found guilty of attempt, then, is not an issue on this appeal.

In *Pierorazio*, the court held that an attempt offense would suffice for the underlying offense in a § 843(b) charge. McGhee concedes this point and correctly points out that he was not so charged. Simply because one may be charged with facilitating an attempt to possess and distribute, see *Mims, supra*, it does not follow that attempting to facilitate possession and distribution is a cognizable charge.

Finally, the government, relying upon the legislative intent of the Drug Abuse Act, argues that McGhee's "esoteric and elusive technical" argument should not prevail. It is clear that, in enacting the Drug Abuse Act, the legislature "intended to encompass every act and activity which could lead to a proliferation of drug traffic. Nothing in the statute indicates any Congressional intent to limit the reach of this legislation, which is described in its very title as 'comprehensive.' " *Reeves*, 794 F.2d at 1104. But, nothing we have said here undercuts the clear legislative intent of the Drug Abuse Act. McGhee's acts were not immune from prosecution. The government could have charged him with attempting to possess and distribute cocaine. In fact, it did just that, but the trial ended in a mistrial. The government cannot properly avoid a similar result or an acquittal the second time around, by charging an "attempt to facilitate."

### III.

For the reasons stated above, the district court's denial of defendant's motion to arrest judgment is REVERSED. The case is REMANDED for proceedings consistent with this opinion.