UNITED STATES of America, Plaintiff–Appellee,

v.

**Billie Jo DOTSON,**
Defendant–Appellant.

No. 87–6155.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 26, 1988.

Decided April 12, 1989.

Rosemarie L. Beverly (argued), Witt, Gaither and Whitaker, Chattanooga, Tenn., for defendant-appellant.

John W. Gill, U.S. Atty. and Steven Cook (argued), Chattanooga, Tenn., for plaintiff-appellee.

Before JONES and GUY, Circuit Judges, and HILLMAN, Chief District Judge.*

NATHANIEL R. JONES, Circuit Judge.

The defendant-appellant, Billie Jo Dotson, appeals her jury conviction for aiding and abetting the possession of a controlled substance in violation of 21 U.S.C.

---

* The Honorable Douglas W. Hillman, United States District Court for the Western District of Michigan, sitting by designation.

§ 841(a)(1) (1982), and 18 U.S.C. § 2 (1982), and for using a communication device to facilitate the distribution of, and possession with intent to distribute, a controlled substance in violation of 21 U.S.C. § 843(b) (1982). For the reasons which follow, we affirm the jury verdict as to the aiding and abetting charge and vacate the judgment as to the remaining charges.

## I.

In February of 1984, the government sought and obtained a court order authorizing it to intercept telephone communications at Dotson's residence. After intercepting several telephone conversations between Dotson and various third parties in which drug transactions were discussed, agents of the Federal Bureau of Investigation ("FBI") obtained a search warrant for Dotson's residence. On March 19, 1984, FBI agents, accompanied by agents of the Drug Enforcement Administration and the Tennessee Bureau of Investigation, executed the search warrant. Inside Dotson's house, the agents found weapons, scales, small plastic "ziplock" bags, and "bug detectors" designed to discover electronic telephone surveillance. A short distance from the house, the agents also discovered two large garbage bags containing over twenty-four pounds of marijuana, and eight smaller bags of marijuana cumulatively weighing less than one pound.

On February 11, 1987, a federal grand jury for the Eastern District of Tennessee returned a ten-count indictment against Dotson and a co-defendant who is not a party to this appeal. Count One of the indictment charged that both defendants, aided and abetted by each other, possessed approximately twenty-five pounds of marijuana with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Counts Two through Ten charged Dotson with using a telephone on nine separate occasions to facilitate the distribution of cocaine, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 843(b).

Dotson's trial began on September 1, 1987. On the first day of her trial, and again at a formal charge conference before closing arguments, Dotson presented her proposed jury instructions to the trial court. One of her proposed instructions stated that the jury must find, by a preponderance of the evidence, that she distributed cocaine or possessed cocaine with the intent to distribute it, in order to find her guilty of Counts Two through Ten ("the telephone facilitation counts"). The district judge, however, refused to give this instruction, concluding that the jury would confuse the "reasonable doubt" and "preponderance" standards. Instead, the court gave the following instruction:

> Section 843(b) ... makes it a Federal crime or offense for anyone to knowingly use a communication facility in the process of committing or facilitating the commission of unlawful acts, in this case, the unlawful distribution of and the possession with intent to distribute cocaine hydrochloride, a Schedule 2 controlled substance, in violation of Section 841(a)(1) of Title 21 of the United States Code.
>
> The defendant can be found guilty of the offense of unlawful use of a communication facility as charged in Counts 2 through 10 only if all of the following elements are proved *beyond a reasonable doubt:*
>
> One, That the defendant used a communication facility as charged;
>
> Two, That the defendant used the communication facility while in the process of committing, *or to facilitate the commission of,* the offense of unlawful distribution of and possession with intent to distribute cocaine hydrochloride, a Schedule 2 controlled substance; and
>
> Three, That the defendant acted knowingly and willfully.

J.App. at 223 (emphasis added).

On September 23, 1987, the jury returned its verdict convicting Dotson on all charges. On October 5, 1987, the district court sentenced her to imprisonment for two years on Count One, and a total of twelve years on Counts Two through Ten. This appeal followed.

## II.

The first issue that we address concerns the adequacy of the trial court's jury instruction regarding the government's burden of proof on the underlying drug offenses in Counts Two through Ten. Dotson argues that the government was required to prove the underlying drug charges, by a preponderance of the evidence, in order to sustain a conviction under section 843(b). She further contends that the instruction given by the trial court was inadequate because it failed to apprise the jury that the government possessed *any* burden of proof with respect to the underlying drug offenses. The government counters that since the only standard mentioned in the jury instructions was the "reasonable doubt" standard, the jury charge actually overstated the government's burden of proof. Since Dotson is challenging both the substance of the jury charge and the trial court's formulation of the charge, we review these challenges separately.

### A.

The telephone facilitation statute, 21 U.S.C. § 843(b), states in pertinent part that "[i]t shall be unlawful for any person knowingly or intentionally to use any communication facility [*i.e.*, telephone] in committing or in causing or facilitating the commission of any act or acts constituting a felony under ... this subchapter...."[1] In order to sustain a conviction under section 843(b), the government thus must prove three formal elements: (1) a knowing or intentional (2) use of a communication facility (3) to facilitate the commission of a drug offense. *United States v. McGhee,* 854 F.2d 905, 908 (6th Cir.1988). This third element, however, contains the further requirement that the government prove the commission of the underlying substantive drug offense. In *United States v. Rey,* 641 F.2d 222 (5th Cir.), *cert. denied,* 454 U.S. 861, 102 S.Ct. 318, 70 L.Ed.2d 160 (1981), the Fifth Circuit explained that:

When the underlying offense is an inchoate one such as attempt or conspiracy, then the attempt or conspiracy is all that must be shown to establish the underlying offense, and it is not necessary to show completion of the offense, and it is not necessary to show completion of the objective of that inchoate crime. When the Government charges as the underlying offense the substantive object of the inchoate crime rather than the attempt or conspiracy itself, then by definition the Government must prove the completed object when establishing the underlying offense.

*Id.* at 224 n. 6 (citations omitted). The *Rey* court also stated that "[w]hatever underlying offense is charged must be proved *by a preponderance of the evidence,* even though it is not separately charged." *Id.* (emphasis added). Although in *United States v. McGhee, supra,* this court approved of that part of the *Rey* decision which states that the government must prove the commission of the underlying drug offense, we did not reach the separate issue of the *weight* of the government's burden. *See McGhee,* 854 F.2d at 908.

In *United States v. Mims,* 812 F.2d 1068, 1077 (8th Cir.1987), and *United States v. Jefferson,* 714 F.2d 689, 699 (7th Cir.1983), the Seventh and Eighth Circuits have adopted the Fifth Circuit's position that the government must prove the commission of the predicate offense by a preponderance of the evidence to sustain a conviction under section 843(b). However, the Third Circuit has held in *United States v. Johnstone,* 856 F.2d 539, 542–45 (3rd Cir.1988), that the government must prove the commission of the predicate offense *beyond a reasonable doubt.* The *Johnstone* court noted that " 'the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of *every fact* necessary to constitute the crime with which he is charged....' " *Id.* at 543 (quoting *In Re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d

---

**1.** 21 U.S.C. § 841(a)(1) (1982), prohibits the distribution of cocaine or possession with intent to distribute cocaine. 21 U.S.C. § 841(b) (1982) designates these offenses as felonies punishable by imprisonment for up to 15 years, a fine of up to $25,000.00, or both.

368 (1970)) (emphasis added). Since "[t]he occurrence of the underlying drug felony is a fact necessary to finding a violation of § 843(b)," the court concluded that the government was required to prove that fact beyond a reasonable doubt. *Id.* In so holding, the *Johnstone* court expressly rejected the position adopted by the Fifth, Seventh and Eighth Circuits.

The position taken by the Third Circuit in *Johnstone* is consistent with a line of federal cases addressing the separate problem of inconsistent jury verdicts under section 843(b). Despite the long-standing rule that inconsistent jury verdicts in criminal cases need not be set aside, but instead may be viewed as a demonstration of the jury's leniency, *see Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), several courts have refused to uphold section 843(b) convictions when the jury has acquitted the defendant of the *separately charged* drug offense. For example, in *United States v. Brooks*, 703 F.2d 1273, 1278–79 (11th Cir.1983), the court stated that "[w]here an indictment charges a specific conspiracy in one count and in a separate count charges a § 843(b) violation in furtherance of that same conspiracy, the permissible inconsistent verdict rule ... cannot operate to sustain a conviction for a § 843(b) violation if the defendant is acquitted of the underlying conspiracy." (citation omitted). *Accord United States v. Bailey*, 607 F.2d 237, 245 (9th Cir.1979), *cert. denied*, 445 U.S. 934, 100 S.Ct. 1327, 63 L.Ed.2d 769 (1980); *United States v. Hannah*, 584 F.2d 27, 30 (3rd Cir.1978).[2] The fact that the *Brooks, Bailey* and *Hannah* courts considered the jury verdicts to be internally inconsistent supports the *Johnstone* court's position that the government must prove the commission of the underlying drug offense beyond a reasonable doubt. A jury verdict acquitting the defendant on the underlying drug offense while convicting her on the facilitation charge would necessarily be inconsistent only if the same standard of proof was applied to both. If the jury were to find that the predicate offense was proven by only a *preponderance* of the evidence, the conviction on the facilitation charge would not necessarily be inconsistent with the acquittal on the substantive drug charge.

The Supreme Court stated in *In Re Winship*, 397 U.S. 358, 363–64, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368 (1970), that "a society that values the good name and freedom of every individual should not convict a man for commission of a crime when there is reasonable doubt about his guilt." Because commission of the predicate drug offense is a "fact necessary to constitute the crime" with which Dotson is charged, and because *Winship* requires proof of all such facts beyond a reasonable doubt, we now join the Third Circuit in holding that the government must prove the commission of the predicate drug offense beyond a reasonable doubt in order to sustain a conviction under section 843(b).[3]

### B.

Having set forth the proper standard, we now apply that standard to the jury charge which was given in this case. As stated earlier, Dotson argues that the trial court's instructions did not clearly apprise the jury that the government need prove the commission of the predicate of-

**2.** The Supreme Court ultimately decided in *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), that under *Dunn, supra*, a defendant's acquittal on the separately charged predicate offense does not invalidate the telephone facilitation conviction. Significantly, however, the decision in *Powell* did not reach the question of whether acquittal on the separately charged predicate offense was, in fact, inconsistent with conviction on the section 843(b) charge.

**3.** Consistent with this court's approval, in part, of the Fifth Circuit's position in *Rey*, we note that if the indictment had charged an inchoate crime as the predicate offense, the government would only have been required to prove the commission of the inchoate crime beyond a reasonable doubt. In this case, however, because the government has charged the consummated crime as the predicate offense, the government must prove the commission of *that* offense beyond a reasonable doubt. *See United States v. McGhee*, 854 F.2d 905, 908 (6th Cir. 1988). *See also United States v. Pierorazio*, 578 F.2d 48, 49–51 (3rd Cir.) (citing cases), *cert. denied*, 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 652 (1978).

fenses *by any standard.* The government, on the other hand, contends that since the "reasonable doubt" standard was the only one mentioned in the instructions, the court properly charged the jury.

The challenged jury instruction states that the jury must find, beyond a reasonable doubt, "[t]hat the defendant used the communication facility while in the process of committing, *or to facilitate the commission of,* the offense of unlawful distribution of and possesion with intent to distribute [c]ocaine...." J.App. at 223 (emphasis added). Were it not for the above-emphasized language, this instruction might suffice. However, we believe that a rational juror easily could have found, beyond a reasonable doubt, that Dotson used her telephone "to facilitate the commission" of a drug offense without finding that the offense actually was committed. Moreover, despite the government's persuasive evidence that Dotson did, in fact, commit the underlying crimes, *see infra* at Part III–B, the district court's erroneous jury instruction cannot be considered harmless. As this court stated in *Hoover v. Garfield Heights Municipal Court,* 802 F.2d 168, 178 (6th Cir.1986), *cert. denied,* 480 U.S. 949, 107 S.Ct. 1610, 94 L.Ed.2d 796 (1987), "the failure to instruct the jury on an essential element of the crime charged is one of the exceptional constitutional errors to which the ... harmless error analysis does not apply." *Accord United States v. Mentz,* 840 F.2d 315, 324 (6th Cir.1988). Therefore, because the jury instruction on the telephone facilitation charges does not "fairly and adequately" describe the underlying offense element of those charges, *see United States v. Saussy,* 802 F.2d 849, 853 (6th Cir.1986), *cert. denied,* 480 U.S. 907, 107 S.Ct. 1352, 94 L.Ed.2d 522 (1987), and because the district court's error cannot be considered harmless, we vacate the district court's judgment as to Counts Two through Ten.

## III.

In her next argument, Dotson contends that there was insufficient evidence for the jury to convict her on any of the charges contained in the indictment. Our review of the sufficiency of the evidence is strictly limited. We view the evidence in the light most favorable to the government and we may not disturb the jury's verdict unless a rational trier of fact could not have found, beyond a reasonable doubt, that Dotson committed the offenses charged. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Scartz,* 838 F.2d 876, 878 (6th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 303, 102 L.Ed.2d 322 (1988).

### A.

As to Count One, the marijuana charge, this court has held that a defendant's intent to distribute a controlled substance can be inferred from possession of large quantities of drugs, or from large estimated street values of drugs possessed. *See, e.g., United States v. Faymore,* 736 F.2d 328, 333 (6th Cir.), *cert. denied,* 469 U.S. 868, 105 S.Ct. 213, 83 L.Ed.2d 143 (1984). Similarly, a jury reasonably may infer intent to distribute drugs from the manner in which the drugs are packaged, or from the possession of drug packaging paraphernalia. *See, e.g., United States v. Franklin,* 728 F.2d 994, 998–1000 (8th Cir. 1984); *United States v. Raper,* 676 F.2d 841, 645 (D.C.Cir.1982). Applying these principles to the instant case, we find that there was sufficient evidence to convict Dotson of aiding and abetting the possession with intent to distribute marijuana. First, the agents who raided Dotson's house found approximately 25 pounds of marijuana, with an estimated street value of over $28,000.00. Second, the agents found drug packaging paraphernalia in the house, and some of the marijuana found outside of the house was packaged in a manner indicating that distribution was intended. Third, two government witnesses testified that Dotson sold them marijuana on occasion. And finally, a government witness testified that the defendants stored their marijuana outside of the house in large, green garbage bags. Given these facts, we hold that there was sufficient

evidence to support the jury's verdict as to Count One of the indictment.

### B.

We next address the sufficiency of the evidence with respect to the predicate offenses for Counts Two through Ten. While we have already determined that the jury charge on these counts was inadequate, we find it necessary to consider the sufficiency-of-the-evidence issue in order to determine the proper scope of our remand. If the evidence presented at trial was insufficient to support Dotson's conviction on these counts, then we would be compelled to remand *for entry of judgment of acquittal. See Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2151, 57 L.Ed.2d 1 (1978) (Double Jeopardy Clause bars retrial when evidence presented at trial was legally insufficient to support a conviction); *United States v. Johnstone,* 856 F.2d 539, 545 (3rd Cir.1988) (remanding for entry of judgment of acquittal where the government conceded that evidence of commission of predicate offense did not satisfy the reasonable doubt standard). If, on the other hand, the evidence was sufficient to support Dotson's conviction on Counts Two through Ten, we would merely remand for further consistent proceedings. The sufficiency-of-the-evidence issue is therefore necessary to our resolution of this case.[4]

In evaluating the sufficiency of the evidence for the predicate offenses, we first note that each of the telephone calls which the government agents intercepted reasonably could be interpreted to indicate that Dotson then was in possession of cocaine, or soon thereafter would be in possession of cocaine. We also believe that a rational juror could interpret each of those calls as indicating that Dotson was regularly involved in distributing cocaine. For example, the conversation which provided the basis for Count Four of the indictment proceeded in relevant part as follows:

CALLER: How's it goin?

DOTSON: Oh, beautiful.

CALLER: It is. Did you ever cop anything?

DOTSON: Huh? Yeah.

CALLER: How much is it?

DOTSON: Oh, well, it's a dollar.

CALLER: For one?

DOTSON: Yeah.

CALLER: Is it good?

DOTSON: Excellent.

CALLER: Excellent.

. . . . .

CALLER: I like Coke.

DOTSON: Yeah, but there was, ah, somebody did come through here, and I told em I'd let em know whether you was coming tonight or tomorrow, because I can't keep nothin' around me. See, I got a Federal tap on my phone. . . .

CALLER: Yeah. Well, let me, I'm gonna run by the house. I'm over, I just got off the job and I'll call you back in a few minutes.

DOTSON: Okay, you need, well, you have to let me know before I let them know.

CALLER: Have you got it there?

DOTSON: No, no, I can't keep nothin' on me.

CALLER: Okay.

DOTSON: Because of, because of the Federal, but they can, you know, cause.

CALLER: Is it closer to my house than it is to yours?

. . . . .

DOTSON: No, no, no, nope, no, they're closer to me than they are to you.

CALLER: I was fixin' to say, you know, I could meet 'em somewhere, maybe, just set it somewhere and I'd leave the money laying there.

DOTSON: Yeah. Uh.

CALLER: I know how these people are.

DOTSON: Yeah, but, uh, no, it's excellent stuff, cause this boy always has excellent.

. . . .

J.App. at 62–67.

---

**4.** Dotson has expressly challenged the sufficiency of the evidence on Counts Two through Ten of the indictment. However, her challenge is only to the predicate offense element of these charges. *See* Appellant's Opening Br. at 10–11.

In addition, two government witnesses testified that they had purchased cocaine from Dotson, and one of the witnesses further testified that three of the phone calls (those forming the basis for Counts Eight, Nine and Ten of the indictment) resulted directly in her purchasing cocaine from Dotson. Finally, we note that much of the evidence which the government agents found in Dotson's house (*i.e.*, scales, small "ziplock" bags and telephone "bug detectors") is commonly used in the distribution of cocaine. *See* J.App. at 103–06 (Testimony of Agent Goodowens). We believe that this evidence was sufficient to lead a rational juror to find that Dotson committed the predicate offenses for Counts Two through Ten. *See United States v. Giangrosso*, 779 F.2d 376, 381–82 (7th Cir.1985) (circumstantial evidence held sufficient to establish commission of *separately charged* underlying offense), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986). Therefore, we vacate the judgment as to these counts and remand for further consistent proceedings.

## IV.

■■■ Dotson's final contention is that the trial court abused its discretion in allowing the government to elicit testimony concerning her alleged operation of a prostitution house. Before Dotson's trial began, she filed a motion *in limine* seeking to prevent the government from presenting evidence of her alleged former operation of a prostitution house. The district judge declined to rule on that motion until the trial. At trial, one of the government's witnesses was asked about the "nature" of her relationship with Dotson. She responded that she met Dotson at a time when Dotson "had a small house of prostitution...." J.App. at 176. Dotson did not object to the testimony and did not request that the trial court then rule on the motion *in limine*. Later in the trial, the government questioned two defense witnesses as to whether they were aware that Dotson had successfully operated a prostitution house. Both witnesses responded that they were not aware of any such fact. Although Dotson did object to these questions, the trial court overruled those objections.

Rule 404(b) of the Federal Rules of Evidence prohibits the government from offering evidence "to prove the character of a person in order to show that he acted in conformity therewith." However, this Rule also provides that "bad act evidence" is admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Rule 403 of the Federal Rules of Evidence states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." Thus, if bad act evidence is offered for a legitimate purpose under Rule 404(b), and passes scrutiny under the balancing analysis of Rule 403, then the evidence is admissible. This court has stated that in reviewing a district court's Rule 403 balancing analysis of bad act evidence, the appellate court must "look at the evidence in a light most favorable to the proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Pollard*, 778 F.2d 1177, 1179 (6th Cir.1985).

Applying this framework to the instant case, we find that the trial judge did not abuse his discretion in overruling Dotson's objections to the questions posed by the government, or in failing *sua sponte* to disallow the witnesses' testimony. The questions posed by the government to the two defense witnesses followed their direct examination testimony that, because of certain emotional problems Dotson had experienced, she could not have possessed the specific intent necessary for conviction on the charged offenses. Therefore, the government's questions as to whether Dotson had successfully operated a prostitution service were "opened up" by the defense witnesses' testimony on direct. Moreover, since the other witness's statement about Dotson operating a prostitution

house was in response to a commonly asked question, and since the government did not follow up on the witness's response, the trial court did not abuse its discretion in failing to disallow this testimony *sua sponte.*

## V.

For the foregoing reasons, the judgment of conviction is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings consistent with this opinion.

RALPH B. GUY, Jr., Circuit Judge, concurring in all but part II of the majority opinion.

Dotson was charged with using a telephone to facilitate the distribution and possession with intent to distribute cocaine. However, she was not charged with any substantive or conspiracy offenses involving possession or distribution of cocaine. Since the jury would not have any cocaine offenses before them for consideration, Dotson asked for a specific instruction to the effect that the jury must find that the "underlying offense," i.e., possession with intent to distribute or distribution of cocaine must be proved by a preponderance of the evidence even though not separately charged.[1] As authority for this request, defendant cited *United States v. Rey,* 641 F.2d 222, 224, n. 6 (5th Cir.), *cert. denied,*

454 U.S. 861, 102 S.Ct. 318, 70 L.Ed.2d 160 (1981). The district court declined to give the requested instruction reasoning that it would be confusing to the jury. Since the "facilitation" counts had to be proved beyond a reasonable doubt, the court was concerned that interjecting the concept of "preponderance of the evidence" in the elements of the offense would confuse the jury *to the detriment* of the defendant. The court then proceeded to give the usual instruction setting forth the elements that must be proved for a conviction under section 843(b).[2]

Since the use of a telephone by those engaged in narcotics transactions is very common, there are a considerable number of cases construing section 843(b). Several of these address the issue of the standard of proof required for the so-called underlying offense. Dotson places primary reliance on *Rey,* where the court stated:

> The elements of proof for the § 843(b) facilitation count are (1) knowing or intentional (2) use of a telephone (3) to facilitate the commission of an offense. It is this third element that is the focus of Rey's insufficiency challenge. Whatever underlying offense is charged must be proved by a preponderance of the evidence, even though it is not separately charged.

641 F.2d at 224, n. 6. *Rey* is cited with approval for this proposition in *United*

1. The complete instruction requested by defendant reads as follows:

   The elements of proof for the telphone facilitation Counts II–X are the knowing or intentional use of the telephone to facilitate the commission of an offense; therefore, whatever underlying offense is charged must be proved by a preponderance of the evidence even though it is not separately charged. In other words, if you find that the Government has not proved in each of the telephone Counts II–X that *the defendants* knowingly or intentionally manufactured, distributed, or dispensed, or possessed with the intention to manufacture, distribute, or dispense cocaine, then you must find that the defendant is not guilty of the Counts as charged.

2. The full text of the court's § 843(b) instruction is as follows:

   Section 843(b) of Title 21 of the United States Code makes it a Federal crime or offense for anyone to knowingly use a communication fa-

cility in the process of committing or facilitating the commission of unlawful acts, in this case, the unlawful distribtution of and the possession with intent to distribute Cocaine hydrochloride, a Schedule 2 controlled substance, in violation of Section 841(a)(1) of Title 21 of the United States Code.

   The defendant can be found guilty of the offense of unlawful use of a communication facility as charged in Counts 2 through 10 only if all of the following elements are proved beyond a reasonable doubt:

   One, That the defendant used a communication facility as charged;

   Two, That the defendant used the communication facility while in the process of committing, or to facilitate the commission of, the offense of unlawful distribution of and possession with intent to distribute Cocaine hydrochloride, a Schedule 2 controlled substance, and

   Three, That the defendant acted knowingly and willfully.

*States v. Mims,* 812 F.2d 1068, 1077 (8th Cir.1987), and *United States v. Russo,* 796 F.2d 1443, 1463 (11th Cir.1986). The United States Supreme Court has never ruled squarely on this issue but did state in a footnote in *United States v. Powell,* 469 U.S. 57, 60 n. 4, 105 S.Ct. 471, 474 n. 4, 83 L.Ed.2d 461 (1984):[3]

> The lower courts seem to agree that the Government must prove, as an element of a § 843(b) offense, the commission of the felony that the accused is charged with facilitating. See *United States v. Ward,* 696 F.2d 1315, 1319 (CA11), cert. denied, 461 U.S. 934 [103 S.Ct. 2101, 77 L.Ed.2d 308] (1983); *United States v. Watson,* 594 F.2d 1330, 1342–1344 (CA10 1979).

The government answers Dotson by citing to a number of cases in which an instruction virtually identical to the one given here was approved. *See, e.g., United States v. Jefferson,* 714 F.2d 689, 698 (7th Cir.1983).

In analyzing the cases cited by both parties, I find no conflict but, rather, factual differences and differences in the way the case came before the appellate court.[4] The conclusion I draw from the reported cases is that the underlying offense must have been committed by the defendant *or someone else,*[5] and that the telephone call must have been made by the defendant while in the process of committing the offense or to facilitate its commission either at another time or by another person or both. It seems to me that this is exactly what Judge Edgar instructed the jury. I would decline to decide in the context of this case whether the underlying offense need be proved by a preponderance or some *higher* standard because, as this jury was instructed, all of the elements had to be proved beyond a reasonable doubt. Thus, defendant cannot complain that the jury was *not* told they could find proof to a lesser standard.

I think the real issue being raised by defendant here is whether each specific telephone call resulted in the consummation of a substantive offense. Although defendant in her reply brief vigorously disclaims that she is raising a sufficiency of the evidence challenge to the "facilitation" counts, it appears that that is really the nub of her complaint. Although, as stated earlier, defendant was not charged with any substantive cocaine offenses, the thrust of the government's case on the "facilitation" counts was that Dotson was using the telephone to further an ongoing and continuous cocaine business. Each individual call may not have resulted in a sale or delivery, but that matters not.[6] It is clear from the evidence presented by the government that Dotson was a cocaine dealer and the telephone was one way she serviced her customers. This "service" may have consisted on occasion of little more than telling a customer not to come by because no product was available. Nonetheless, such telephone usage clearly facilitated her cocaine business and was within the purview of the statute's proscriptions.

The majority indicates that the jury instruction given by the court would pass muster if it did not contain the language "or to facilitate the commission of the offense...." Surely this cannot be so, for the alleged offending language is a direct quote from the statute.[7] If the court had

---

3. This footnote must be read with care as no court has required the government to prove that the defendant charged with the "facilitating" offense must be the one that committed the substantive offense.

4. For example, *Rey* came up as an interlocutory appeal and the court never resolved the issue for which defendant cites the case.

5. The defendant's requested instruction was obviously erroneous in that it requested the jury be instructed that the underlying offense must be committed by the *defendant.*

6. This highlights another deficiency in the instruction offered by the defendant. The requested instruction informs the jury that they must find a substantive offense to have been committed in connection with *each* of the telephone calls.

7. 21 U.S.C. § 843(b) reads as follows:

> It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter

omitted the "facilitating" language, it would have erroneously told the jury that the telephone usage by Dotson must have been directly connected to "committing" the underlying offense. This would have been a more stringent requirement than imposed by the statute.

The court's real concern seems to be expressed as a belief that "a rational juror easily could have found beyond a reasonable doubt, that Dotson used her telephone 'to facilitate the commission' of a drug offense without finding that the offense actually was committed." I do not understand how one can "facilitate" the *commission* of an act that does not occur. Perhaps an argument could be constructed that "facilitate" or "commission" should be further defined, but that is not an issue before us here.

The majority also overlooks the trial judge's very real concern for the danger inherent in inserting a "preponderance standard" in an instruction that deals with proof of the elements of a crime beyond a reasonable doubt. Since the majority also adopts the minority view that "reasonable doubt" is the correct standard of proof, this makes the concern of the trial judge even more real.

In further support of my contention that this case is not the proper vehicle for addressing the "reasonable doubt" versus "preponderance" issue, I would emphasize that any reasonable view of the evidence here would cause one to conclude that the underlying offenses were committed beyond a reasonable doubt. We are not dealing with a borderline case. As pointed out earlier, the defendant's proposed instruction erroneously sought to convey to the jury that they must find a separate offense was committed in connection with each telephone count. This is neither a correct statement of the law nor the government's theory of prosecution in this case. In essence, the government proved that Dotson was running a continuing drug business

and that she was using the telephone to facilitate that business. The government did not show, nor was it required to show, that each use of the telephone was to facilitate a specific discrete drug offense.

I would affirm the 21 U.S.C. § 843(b) convictions.

or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.