UNITED STATES of America,
Plaintiff–Appellee,

v.

Billie Jo DOTSON,
Defendant–Appellant.

No. 87–6155.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 26, 1988.

Decided Feb. 2, 1990.

Rehearing and Rehearing En Banc Denied March 23, 1990.

Rosemarie L. Beverly (argued), Witt, Gaither and Whitaker, Chattanooga, Tenn. (Court-appointed), for defendant-appellant.

John W. Gill, U.S. Atty., Steven Cook (argued), Chattanooga, Tenn., for plaintiff-appellee.

Before JONES and GUY, Circuit Judges, and HILLMAN, Chief District Judge.*

ON PETITION FOR REHEARING

HILLMAN, Chief District Judge.

The United States has filed a petition for rehearing and suggestion for rehearing en banc in this matter. In accordance with this court's policy, the original panel has been given the initial opportunity to consider the petition and, if necessary, to amend or replace its decision of April 12, 1989. *Kent v. Johnson*, 821 F.2d 1220, 1229 (6th Cir.1987). The original panel decision is reported at *United States v. Dotson*, 871 F.2d 1318 (6th Cir.1989).

We now amend Part II B of the original decision to affirm Dotson's convictions on the telephone facilitation counts.

The court's present action affects only Part II B of the original majority opinion. The original opinion remains the opinion of the court on all issues other than the construction and effect of the trial court's charge on the telephone facilitation counts.

I.

■ Initially, we clarify what the original majority found wrong with the jury charge given in this case. The original opinion may perhaps be read to say that the jury instruction was confusing because it contained the words "to facilitate the commission of" the underlying drug crime. Inclusion of this language is not instructional error *per se*. As Judge Guy pointed out in his original opinion, these are the words of the statute itself. *See* 21 U.S.C. § 843(b). The language has also been incorporated into a pattern instruction by at least one other Circuit. *See* Eleventh Circuit Pattern Criminal Jury Instruction No. 61 (1985).

Accordingly, the instruction given in this case was correct as far as it went, but it did not go far enough. In other words, the trial judge's "facilitate the commission of" language was acceptable but not sufficient. In addition to the instruction given, the trial judge should have expressly charged the jury that in order to find that Dotson used the telephone in the process of committing the underlying drug crimes, or to facilitate the commission of those crimes, it had to find, beyond a reasonable doubt, that the underlying drug crimes were actually committed. This additional instruction requirement follows from our holding in *United States v. McGhee*, 854 F.2d 905, 908 (6th Cir.1988) ("A charge under § 843(b) ... requires ... that the government prove the commission of an underlying offense"). The reasonable doubt requirement stems from Part II A of the original majority opinion in this case.

It may be that one technically cannot facilitate the commission of a drug offense if the drug offense does not actually occur. For this reason, we would characterize the error below as one of ambiguity and incompleteness. This is in contrast to other types of instructional error, where, for example, a trial judge fails completely to instruct on an essential element of the crime charged, or delivers an instruction that impermissably shifts the burden of proof to the defendant on an essential element. Perhaps the trial judge's instruction here might carry sufficient clarity to pass muster with those trained in textual analysis. The trial judge's burden, however, is to ensure that the instructions "fairly and adequately" submit the issues and applicable law to the jury. *United States v. Martin*, 740 F.2d 1352, 1361 (6th Cir.1984). In our view, the instruction at issue, unaided by further explicit instruction, was unfair and inadequate because it allowed too much

---

* The Honorable Douglas W. Hillman, Chief Judge of the United States District Court for the West-ern District of Michigan, sitting by designation.

chance that an unsophisticated or inattentive juror might misconstrue the trial judge's "facilitate the commission of" phrase and vote to convict, in the words of the original majority opinion, "without finding that the [underlying] offense actually was committed."

The instruction at issue may or may not have sufficed had the United States separately charged Dotson with the crimes underlying the telephone facilitation counts. *See United States v. Sobamowo*, 892 F.2d 90, 96–97 (D.C.Cir.1989); *United States v. Jefferson*, 714 F.2d 689, 699–700 (7th Cir. 1983). We need not decide that question now. Where separate charges exist on the underlying crimes, of course, the jury would be separately instructed on the necessity of finding the essential elements of those crimes beyond a reasonable doubt. Jury confusion would thus be less likely to result from the telephone facilitation instruction given in this case. In any event, the present decision is limited only to cases in which the crime or crimes underlying a telephone facilitation charge are not separately charged.

## II.

■ With the benefit of the United States' petition for rehearing, we conclude that harmless error analysis applies to the instructional error below. The cases relied upon in the original majority opinion to support the opposite conclusion, *United States v. Mentz*, 840 F.2d 315, 324 (6th Cir.1988), and *Hoover v. Garfield Hts. Municipal Court*, 802 F.2d 168, 178 (6th Cir. 1986), *cert. denied*, 480 U.S. 949, 107 S.Ct. 1610, 94 L.Ed.2d 796 (1987), may not be long for this world in light of recent Supreme Court trends. *See Carella v. California*, —— U.S. ——, 109 S.Ct. 2419, 2420– 21, 105 L.Ed.2d 218 (1989) (per curiam); *Pope v. Illinois*, 481 U.S. 497, 501–04, 107 S.Ct. 1918, 1921–23, 95 L.Ed.2d 439 (1987); *Rose v. Clark*, 478 U.S. 570, 576–84, 106 S.Ct. 3101, 3105–09, 92 L.Ed.2d 460 (1986).

Nevertheless, *Hoover* and *Mentz*, whatever the Supreme Court might think of them, are binding precedent on this panel if they cannot be distinguished from the present case. We think this case is sufficiently different from *Hoover* and *Mentz*

that *stare decisis* does not control. The instructional error here was minor. The trial judge's "facilitate the commission of" language alluded to the jury's duty, in order to convict Dotson, to find that the underlying crimes were actually committed, but the allusion did not make the jury's duty sufficiently clear. The charge below did not entirely omit reference to the actual occurrence of the underlying drug offenses, an essential element of the telephone facilitation charges. Accordingly, unlike the situation in *Hoover*, this case does not involve a failure to instruct. *See* 802 F.2d at 177–78. Similarly, the trial judge here did not conclusively instruct the jury that the underlying drug offenses had in fact been committed. This contrasts sharply with the facts of *Mentz*. *See* 840 F.2d at 323–24.

The ambiguous and incomplete instruction in the present case did not invade the province of the jury and prevent it from considering whether or not the drug crimes underlying the facilitation counts actually occurred. *Mentz*, 840 F.2d at 324; *Hoover*, 802 F.2d at 177. The instruction is therefore akin to those at issue in *Carella*, *Pope*, and *Rose*, and harmless error analysis applies. We note that Judge Posner, writing for the Seventh Circuit, has taken a similar position. *United States v. Kerley*, 838 F.2d 932, 938–39 (7th Cir.1988) (failure to instruct clearly on an element of the crime not always reversible error).

The harmless error inquiry has been variously articulated. The Supreme Court stated in *Pope* that "a conviction should be affirmed where a reviewing court can find that the record developed at trial established guilt beyond a reasonable doubt." 481 U.S. at 502–03, 107 S.Ct. at 1922. This court has said that "[t]he question is whether the guilty verdicts reached in light of the ... instruction error were correct beyond a reasonable doubt." *Clark v. Rose*, 822 F.2d 596, 600 (6th Cir.1987). Although the trial judge may be in a better position to conduct this inquiry, the law plainly assigns that duty to the appellate court. *Rose v. Clark*, 478 U.S. at 574, 106 S.Ct. at 3104.

In the present case the jury necessarily found beyond a reasonable doubt every ele-

ment of telephone facilitation beside Dotson's underlying possession with the intent to distribute cocaine. The issue for harmless error analysis thus becomes whether, despite the trial court's ambiguous instruction, it is clear beyond a reasonable doubt that the jury also found the cocaine possession element. Here, the defense did not vigorously contest Dotson's cocaine possession either at trial or on appeal. *See Kerley*, 838 F.2d at 939. After a thorough review of the record provided on appeal, we find the question of whether Dotson actually committed the underlying possession crimes is incontestable. As Judge Guy's original opinion stated, "any reasonable view of the evidence here would cause one to conclude that the underlying offenses were committed beyond a reasonable doubt. We are not dealing with a borderline case."

In light of the foregoing, no rational jury could have failed to find all the necessary elements on the telephone facilitation counts. The evidence is overwhelming that the guilty verdicts on each of the telephone facilitation counts were correct beyond a reasonable doubt.

In summary, we now conclude the following. The United States' petition for rehearing is GRANTED. Part II B of the original majority opinion is VACATED. The judgment of the district court is AFFIRMED in its entirety. Because we affirm Dotson's convictions on all counts, her motion for bond pending appeal is DISMISSED as moot.

RALPH B. GUY, Jr., Circuit Judge, concurring.

I concur in the result reached by Judge Hillman. I would only add that although I find the harmless error analysis to be a correct reading of the applicable case law, I still hold to my original conclusion that there was no error requiring the application of the harmless error doctrine.

NATHANIEL R. JONES, Circuit Judge, dissenting.

While respecting the views of my esteemed colleagues, I adhere to my views expressed in the original opinion with respect to the jury instruction given by the trial court on the telephone facilitation charge. The majority concedes that "the instruction at issue, unaided by further explicit instruction, was unfair and inadequate because it allowed too much chance that an unsophisticated or inattentive juror might misconstrue the trial judge's 'facilitate the commission of' phrase and vote to convict, in the words of the original majority opinion, 'without finding that the underlying offense was actually committed.'"

While I agree that the "ambiguous and incomplete instruction in the present case did not invade the province of the jury and prevent it from considering whether or not the drug crimes underlying the facilitation counts actually occurred," neither does it expressly inform the jury that it is required to find that those crimes had been committed. *See Mentz*, 840 F.2d at 324; *Hoover*, 802 F.2d at 177. I cannot agree that an instruction which failed to specifically charge the jury to find beyond a reasonable doubt that the underlying offense had been committed is harmless error. Because I continue to believe that the instructions as given by the trial court failed to "fairly and adequately" describe the underlying offense element of those charges, I would vacate the jury's verdict as to Counts Two through Ten.