21 F.3d 431
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee
v.
Marcus JONES, Defendant-Appellant.
 No. 93-1102.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 7, 1994.
Decided April 11, 1994.
 
 Before COFFEY, FLAUM and MANION, Circuit Judges.
 
 ORDER
 
 1
 Marcus Jones appeals from convictions of attempt to possess cocaine with intent to distribute, see 21 U.S.C. Sec. 846, and use of a firearm during and in relation to the commission of a drug trafficking crime, see 18 U.S.C. Sec. 924(c)(1). Jones was the target of a DEA reverse buy operation. Through a cooperating individual, arrested on other drug charges, and his girlfriend, a cocaine deal was arranged whereby Jones agreed to pay $60,000 for two kilograms of cocaine. At Jones' instruction, the transaction was to be carried out at his father's house. When the cooperating girlfriend arrived, Jones placed a bag containing $60,000 in front of her, signalling his willingness to complete the transaction. Telling Jones she would retrieve the cocaine, the girlfriend left the house. An arrest signal was given and DEA agents who were waiting outside entered. One agent remained positioned outside at the rear of the home, and, soon after her colleagues stormed the house, she saw someone, apparently Jones, partially open the back door for a moment but then, after she shouted "freeze," close it and remain inside. Another agent testified that after the arrest (which was made in the kitchen) Jones was asked if there were any weapons in the house and he replied that he had tossed a gun into the laundry room as the agents entered. According to the agent, Jones explained that he heard some commotion, thought he was being robbed and ran to the back door; when he saw the agent at the rear of the house, he ran back toward the kitchen and threw the gun into the laundry room along the way. The agent also stated that Jones helped the DEA agents locate the gun (a Taurus .38 caliber revolver) which was on the laundry room floor. In searching the house, agents found a loaded sawed-off shotgun, one gram of cocaine base, four razor blades, one spoon and two rolls of tape containing traces of cocaine, all in the upstairs bedroom. In the room where the exchange was to have taken place, a bag containing $60,000 and a loaded Bauer .25 caliber pistol were found. These items were admitted into evidence over defendant's objection but were accompanied by a limiting instruction that "these exhibits may be considered by you on the issues of the defendant's knowledge and intent and not for any other purpose."
 
 
 2
 Jones first claims that his attempt conviction cannot stand because no cocaine actually existed for him to buy. This, however, does not matter because factual impossibility is irrelevant to the crime of attempt. See United States v. Weaver, 8 F.3d 1240, 1243 (7th Cir.1993); United States v. McGhee, 854 F.2d 905, 908 (6th Cir.1988); United States v. Everett, 700 F.2d 900, 903-08 (3rd Cir.1983); cf. United States v. Cotts, 14 F.3d 300, 307 (7th Cir.1994). Jones next asserts that the district court erred by admitting the Bauer pistol and the sawed-off shotgun into evidence. (Only the Taurus revolver was the subject of the Sec. 924(c) count.) He argues that these weapons are irrelevant to whether he possessed and used the Taurus while committing a drug crime, except to the extent his relation to them impermissibly demonstrates a criminal propensity of this sort. See Fed.R.Evid 404(b). We agree with him on this score, but the government contends that the weapons were introduced as tools of the narcotics trade in order to demonstrate Jones' intent to distribute, a component of the drug charge. From our review of the record, and because the weapons charge was grounded in the directly supporting testimonial accounts of the arresting agents, we agree that the introduction of the other weapons' was intended to demonstrate Jones' well-equippedness for, and thus his likely involvement in, drug distribution activity. The propriety of their admission is thus to be tested by the probativeness/unfair-prejudice balance of Rule 403. Other courts have upheld the admission of weapons evidence in similar circumstances, see United States v. Sullivan, 919 F.2d 1403, 1420 (10th Cir.1990); United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.), cert. denied, 480 U.S. 943 (1988). Here, the weapons were found in close enough proximity to other tools of the drug trade that their presence could be reasonably understood to be more than happenstance; thus, taken together with the other items found, the weapons were significantly probative of the nature of Jones' drug-related intentions. And in light of the nature of the evidence in the case and the limiting instruction given we do not believe a high risk of unfair prejudice accompanied the admission of the weapons, and, consequently, we cannot conclude that the district court abused its discretion by admitting them. See United States v. York, 933 F.2d 1343, 1352 (7th Cir.), cert. denied, 112 S.Ct. 321 (1991).
 
 
 3
 In a supplemental brief, filed pro se, Jones contends that the government engaged in improper argument in its closing statements. After reviewing the transcript of the government's argument, to which no contemporaneous objection was made, we find no impropriety. The government did not direct the jury that in order to acquit Jones of the gun charge it must find that the testifying federal agents lied, thus diluting the standard of proof. See United States v. Vargas, 583 F.2d 380, 387 (7th Cir.1978). Rather, the government merely responded to the defense's insinuations at trial and overt statements during closing that the agents had concocted the gun testimony. This it could do by arguing the implausibility of such a nefarious scheme. What it could not do, and what it did not do, is imply that the jury need not find beyond a reasonable doubt (as opposed to, for example, by a preponderance of the evidence) that the government's version was true by framing the argument as an either/or proposition--e.g. "either you find that the government lied, or you find the defendant guilty." The other contentions Jones makes about the government's closing are insubstantial. His convictions are affirmed.