103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brently M. MAYOTTE, Defendant-Appellant.
 No. 95-5995.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1996.
 
 Before: SILER, MOORE and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Brently M. Mayotte appeals his jury conviction and sentence for possession with intent to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). For the following reasons, we affirm.
 
 I.
 
 2
 On January 13, 1995, Chief Deputy James Bivens of the Monroe County Sheriff's Department in Tennessee received information implicating several persons, including Mayotte, in criminal activity related to the sale of cocaine. Bivens was also informed that drugs were being sold from the residence of Charles Latham, in Sweetwater, Tennessee. An arrest warrant was issued for Mayotte and for the search of Latham's residence. On January 13, 1995 police officers conducted a raid on the Latham premises. Upon arrival, officers saw Mayotte exiting an automobile that was located on the premises. Officers arrested Mayotte and seized several items from his person including 1.9 grams of cocaine base, 3.6 grams of cocaine hydrochloride, a semi-automatic pistol, a pager device, $171 worth of food stamps and $5,553 in cash.
 
 
 3
 On March 3, 1995, a grand jury returned a three-count indictment against Mayotte. Counts One and Two of the indictment charged Mayotte with possession with intent to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). Count Three charged Mayotte with possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c).
 
 
 4
 During the jury trial, the government called several witnesses, including Bivens, Sweetwater Police Officer Robert E. Watson, Detective Patrick Upton of the Monroe County Sheriff's Office, Special Agent David E. Lewis of the Drug Enforcement Administration, and confidential informant Derrick Jimerson. Also, as part of the government's case-in-chief, the government read into the record a stipulation entered into between the parties in which the defendant stipulated that the cocaine, pistol, pager, food stamps and cash offered as evidence against him by the government had, in fact, been seized from him incident to his arrest on January 13, 1995.
 
 
 5
 After the government rested its case, the defendant made a motion for judgment of acquittal on the ground that the government failed to present sufficient evidence to carry its burden of proof as to the defendant's possession with intent to distribute cocaine. The court denied the motion.
 
 
 6
 The defendant then testified that on the day of his arrest he purchased an "eight-ball" of cocaine powder and two $100 pieces of crack cocaine. Mayotte accounted for the large amount of U.S. currency by testifying that his father gave him $7,000 the week before he was arrested to be used for the purchase of an automobile. Defendant's father, Jackie Mayotte, corroborated this testimony by stating he did in fact give his son $7,000 for that purpose. Defendant failed to offer any other evidence to rebut the government's contention that he intended to distribute the cocaine in his possession.
 
 
 7
 Upon the close of all the evidence, counsel failed to renew the motion for judgment of acquittal. The jury returned guilty verdicts on all charged counts. The defendant subsequently was sentenced to a term of 93 months incarceration.
 
 II.
 
 8
 The defendant argues that there was insufficient evidence to sustain his conviction on the two drug charges or on the gun charge. The law is well settled in this circuit that a defendant who fails to renew his motion for acquittal under Federal Rule of Criminal Procedure 29(a) at the close of all the evidence has waived any objection to the sufficiency of the evidence in his conviction. United States v. Williams, 940 F.2d 176, 180 (6th Cir.), cert. denied, 502 U.S. 1016 (1991); United States v. Glover, 21 F.3d 133, 138 (6th Cir.), cert. denied, 115 S.Ct. 360 (1994). "Absent a showing of a manifest miscarriage of justice, this court will not review a district court denial of a Rule 29 motion where a defendant does not renew that motion at the close of all the evidence." Williams, 940 F.2d at 180.
 
 
 9
 Therefore, we must examine the evidence introduced to determine whether a manifest miscarriage of justice would result if defendant waived his right to appeal the sufficiency of the evidence. See Williams, 940 F.2d at 180. Furthermore, the evidence must be viewed in the light most favorable to the government. See Williams, 940 F.2d at 180 n. 1.
 
 
 10
 The essential elements required to sustain a conviction for possession with intent to distribute cocaine base or cocaine hydrochloride are "for any person knowingly or intentionally to ... possess with intent to ... distribute ... a controlled substance." United States v. Phibbs, 999 F.2d 1053, 1063 (6th Cir.1993), cert. denied, 114 S.Ct. 1070 (1994). Because defendant stipulated to the admission of the drugs seized at the time of his arrest, the jury could reasonably infer that defendant knowingly or intentionally possessed the controlled substances. The jury could also reasonably infer intent to distribute these drugs from the manner in which they were packaged. United States v. Dotson, 871 F.2d 1318, 1323 (6th Cir.1989). Testimony from Special Agent Lewis of the Drug Enforcement Administration revealed that the cocaine hydrochloride was packaged in six small "baggy corners" containing one-half gram of powder in each corner. Lewis testified that this form of packaging was indicative of distribution. In sum, our review of the trial transcript leads us to the conclusion that there was adequate evidence from which a jury could have found the essential elements of a violation of § 841(a)(1).
 
 
 11
 The government introduced other facts which support the jury's finding that defendant possessed and intended to distribute drugs: (i) Mayotte possessed a large amount of money that was stored in several different places on his person; (ii) witnesses who knew defendant for many years--Officer Watson and Detective Upton--testified that defendant had never been employed; (iii) defendant possessed a fully loaded semi-automatic pistol; and (iv) defendant had a pager device and $171 worth of food stamps that were not issued to him. Clearly, this is ample evidence to sustain a conviction on the two drug charges.
 
 III.
 
 12
 Finally, we address Mayotte's argument that there was insufficient evidence to sustain his conviction under 18 U.S.C. § 924(c). Section 924(c) states, "[w]hoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime ... be sentenced to imprisonment for five years." 18 U.S.C. § 924(c). Defendant contends he merely possessed the pistol for target shooting, and therefore did not violate § 924(c). To support this assertion the defense called as a witness Brian Brewster, a Sergeant in the U.S. Army, who testified that he and defendant were scheduled to go target shooting on the day of his arrest. Tyrone Ferguson also testified that he engaged in target shooting with Mayotte. Other witnesses were also called to corroborate the testimony that defendant engaged in target shooting with pistols.
 
 
 13
 A plain reading of the statute, however, provides that defendant need only carry a firearm during a drug trafficking offense to be convicted under § 924(c). See 18 U.S.C. § 924(c). It is undisputed that Mayotte carried a fully loaded semi-automatic pistol in his waistband at the time of his arrest. In fact, prior to trial the defendant stipulated to possession of the gun. Moreover, we have already concluded that the jury could reasonably infer possession of drugs with the intent to distribute them. Thus, since the record clearly shows that Mayotte carried the firearm during and in relation to a drug trafficking crime, we find there is no manifest miscarriage of justice with respect to his conviction for violation of § 924(c).
 
 IV.
 
 14
 After a careful review of the record, we conclude there is no manifest miscarriage of justice if defendant's convictions are sustained. Accordingly, the convictions and sentence are hereby AFFIRMED.