**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas Clifford WHITMORE, aka Lil Tommy, aka Young Tommy,**
**Defendant–Appellant.**

**No. 91–50240.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1993.

Decided May 13, 1994.

Maureen R. Kallins, San Francisco, CA, for defendant-appellant.

Lisa B. Lench, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: SKOPIL, HALL, and RYMER, Circuit Judges.

Per Curiam; Concurrence by Judge RYMER.

PER CURIAM:

Thomas Clifford Whitmore appeals his convictions for a variety of narcotics-related offenses. Whitmore and 15 co-defendants were charged in a 44–count indictment with numerous drug-related offenses. The government's theory of the case placed Whitmore at the center of an ongoing narcotics conspiracy, which began in early 1986 and continued until Whitmore's arrest in August 1990. A jury found Whitmore guilty on 16 counts.

We reject most of Whitmore's challenges in an unpublished disposition. Here, we consider Whitmore's appeal of his two convictions for using a communication facility to engage in drug trafficking. 21 U.S.C. § 843(b). This appeal requires us to decide whether the district court's failure to instruct on the knowledge element of the § 843(b) offenses is plain error.

I

This opinion considers Whitmore's appeal of his convictions on Counts 25 and 30. Count 25 of the indictment charged that, on July 19, 1990, Whitmore and Rodney Hairston used a communication device (the telephone) "in committing and causing and facilitating the commission of a violation of" 21 U.S.C. § 841(a)(1), distribution and possession with intent to distribute cocaine. The government presented evidence that Whitmore placed the telephone call underlying Count 25.

Count 26 of the indictment charged that, on the same date, July 19, 1990, Whitmore, Hairston, and two other co-defendants violated 21 U.S.C. § 841(a)(1) by distributing in excess of 500 grams of cocaine. In other words, the two counts concerned the same transaction; Count 26 pertains to the underlying offense which was facilitated by use of the telephone that is the subject of Count 25.

The jury convicted Whitmore on Count 26, and Whitmore does not challenge the suffi-

ciency of the evidence that supports the jury's verdict. The district court instructed the jury regarding the knowledge required for a § 841(a)(1) violation,[1] and Whitmore does not contest the adequacy of those instructions: "First: The defendant intentionally delivered the control [sic] substance charged in the particular count of the indictment to another person. Second: The defendant knew what the controlled substance was in the particular count of the indictment, or some other prohibited drug."

The facts relating to Count 30 are similar. The indictment charged that Whitmore and Tara Rivers, on July 23, 1990, used a telephone to facilitate a violation of 21 U.S.C. § 841(a)(1), possession with the intent to distribute cocaine base. The government presented evidence that Whitmore placed the phone call underlying this count as well. The evidence shows that at the time of this conversation, Whitmore was attempting to meet with John Daniels to give him rock cocaine, and that during the conversation, Whitmore directed Rivers to take two bags from the refrigerator and place them on the drain board.

Count 31 of the indictment charged that two days later, on July 25, 1990, Whitmore delivered 480.5 grams of a substance containing cocaine base. The evidence reveals that on July 25, Whitmore met with Daniels and another individual, Kisa Hayes, Jr., near a car outside of Rivers's apartment; Whitmore pulled from his sweat pants a black plastic bag; Whitmore and Daniels got into the car, and a few minutes later, Whitmore left without the bag; Whitmore then returned to Rivers's apartment, fanning himself with what appeared to be money. Daniels and Hayes drove away, and a short time later, were pulled over for a traffic violation; when officers searched the car, they discovered a black plastic bag containing rock cocaine. The bag was cold to the touch and was covered with condensation. The jury found Whitmore guilty on Count 31.

## II

Whitmore argues that his convictions for use of a communication facility to engage in drug trafficking in violation of 21 U.S.C. § 843(b),[2] must be reversed because the district court's instruction improperly left out a material element of the offense—his knowledge.[3] As Whitmore did not object to the instruction at trial, we review for plain error. *United States v. Garcia,* 988 F.2d 965, 969 (9th Cir.1993).

The Supreme Court recently fleshed out the requirements for obtaining a reversal based upon Rule 52(b) plain error. *United States v. Olano,* — U.S. ——, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). First, there must "indeed be an 'error.' Deviation from a legal rule is 'error' unless the rule has been waived." *Id.* at ——, 113 S.Ct. at 1777. Second, the error must be " 'plain.' 'Plain' is synonymous with 'clear' or, equivalently, 'obvious.' " *Id.* Third, the error must " 'affec[t] substantial rights.' " *Id.* at ——, 113 S.Ct. at 1777–78 (alteration in original). That is, "the error must have been prejudicial: It must

---

1. Knowledge is a material element of the offense of possession of cocaine with intent to distribute. *United States v. Arambula–Ruiz,* 987 F.2d 599, 603 (9th Cir.1993).

2. 21 U.S.C. § 843(b) provides in pertinent part:
   It shall be unlawful for any person *knowingly or intentionally* to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. (Emphasis added.)

3. The instruction was a version of Ninth Circuit Model Instruction 9.04E that is no longer in force. It read:
   In order for the defendant to be found guilty of illegal use of a communication facility in violation of Section 843(b) of Title 21 of the United States Code, the government must prove beyond a reasonable doubt that the defendant used a telephone to help bring about the conspiracy to distribute cocaine charged in Count One of the indictment, or to bring about the distribution of, for the possession with the intent to distribute a controlled substance.
   The Model Instruction has been revised since the time of Whitmore's trial, and now includes the requirement that "the government must prove beyond a reasonable doubt that the defendant knowingly or intentionally used [a communication device] to help bring about [the underlying substantive offense]." *Manual of Model Criminal Jury Instructions for the Ninth Circuit* 9.04E, at 278 (1992).

have affected the outcome of the District Court proceedings." *Id.* at ——, 113 S.Ct. at 1778. As the Court noted, the inquiry under the third prong is identical to "harmless error" analysis under Rule 52(a), "with one important difference: It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice. In most cases, the Court of Appeals cannot correct the forfeited error unless the defendant shows that the error was prejudicial." [4] *Id.*

■ Even if a defendant meets these threshold requirements, however, an appellate court is not obligated to reverse the conviction. "The Court of Appeals should correct a plain forfeited error affecting substantial rights if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at ——, 113 S.Ct. at 1779 (alteration in original) (quoting *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)).[5]

### III

■ We now apply the plain error standards, as articulated in *Olano,* to Whitmore's challenge to the district court's § 843(b) instruction. There is no question the district court erred in basing its § 843(b) instruction exclusively on the older version of Model Instruction 9.04E, without including an instruction as to Whitmore's knowledge or intent. The knowledge element of § 843(b) requires the government to prove that the defendant knowingly or intentionally used the communication device in order to aid or facilitate the underlying criminal violation. *United States v. Whitten,* 706 F.2d 1000,

4. The Court specifically reserved judgment as to whether there exists "a special category of forfeited errors that can be corrected regardless of their effect on the outcome...." —— U.S. at ——, 113 S.Ct. at 1778.

5. Prior to the Court's decision in *Olano,* we phrased the discretionary-relief component of the plain error test in similar terms: "Reversal of a criminal conviction on the basis of plain error is an exceptional remedy, which we invoke only when it appears necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." *United States v. Williams,* 990 F.2d 507, 512 (9th Cir.) (quota-

1006 (9th Cir.1983), *cert. denied,* 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984); *United States v. Turner,* 528 F.2d 143, 165 (9th Cir.), *cert. denied,* 423 U.S. 996, 96 S.Ct. 426, 46 L.Ed.2d 371 (1975), *and cert. denied,* 429 U.S. 837, 97 S.Ct. 105, 50 L.Ed.2d 103 (1976).[6] What is essential is that the defendant knows that he or she is using the communication device to facilitate the drug transaction. With respect to each of the § 843(b) charges in this case, therefore, the prosecution had the burden of proving that Whitmore knew he was using the telephone to further the distribution of drugs.

The error was also "plain," in the sense that it was "clear under current law" at the time the district court instructed the jury. *Olano,* —— U.S. at ——, 113 S.Ct. at 1777. *Whitten* and *Turner* both establish that knowledge is an essential element of the government's case in a § 843(b) prosecution.

■ We do not believe, however, that the error meets the third requirement of Rule 52(b), since the error, in the circumstances of Whitmore's case, did not "affect substantial rights." *Id.* at ——, 113 S.Ct. at 1777–78. Rather, the error was harmless beyond a reasonable doubt. "The harmfulness of an error must necessarily be considered in order to determine if the error is plain error justifying reversal, because if an error is harmless, it cannot be plain error." *United States v. Gaudin,* 997 F.2d 1267, 1271 (9th Cir.) (citing *United States v. Hien Hai Hoac,* 990 F.2d 1099, 1109 (9th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1075, 127 L.Ed.2d 392 (1994)), *reh'g en banc granted,* 5 F.3d 374 (9th Cir.1993).

tion marks omitted), *cert. denied,* —— U.S. ——, 114 S.Ct. 333 (1993).

6. *Accord United States v. Dotson,* 871 F.2d 1318, 1321 (6th Cir.1989), *amended on other grounds,* 895 F.2d 263 (6th Cir.), *cert. denied,* 498 U.S. 831, 111 S.Ct. 94, 112 L.Ed.2d 66 (1990); *United States v. Barnes,* 681 F.2d 717, 723 (11th Cir.), *amended on other grounds,* 694 F.2d 233 (11th Cir.1982), *cert. denied,* 460 U.S. 1046, 103 S.Ct. 1447, 75 L.Ed.2d 802 (1983); *United States v. Rey,* 641 F.2d 222, 224 n. 6 (5th Cir. Unit A Mar.), *cert. denied,* 454 U.S. 861, 102 S.Ct. 318, 70 L.Ed.2d 160 (1981).

■ Where a trial court fails to instruct the jury as to the knowledge or intent that is a material element of a crime, the error is constitutional in nature. *Martinez v. Borg*, 937 F.2d 422, 423 (9th Cir.1991). We review most constitutional errors to determine whether, "beyond a reasonable doubt[,] the error complained of did not contribute to the verdict obtained." *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); *see also Arizona v. Fulminante*, 499 U.S. 279, 306–10, 111 S.Ct. 1246, 1263–65, 113 L.Ed.2d 302 (1991) (opinion of Rehnquist, C.J.). Harmless error analysis under *Chapman* "looks ... to the basis on which 'the jury *actually rested* its verdict.'" *Sullivan v. Louisiana*, —— U.S. ——, ——, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993) (quoting *Yates v. Evatt*, 500 U.S. 391, 404, 111 S.Ct. 1884, 1893, 114 L.Ed.2d 432 (1991)). "The inquiry ... is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error." *Id.*

*Yates* directs us to ask "whether the force of the evidence presumably considered by the jury in accordance with the instructions is so overwhelming as to leave it beyond a reasonable doubt that the verdict resting on that evidence would have been the same in the absence of the" constitutional error. 500 U.S. at 404, 111 S.Ct. at 1893.

We most recently considered *Yates*'s implications in the plain error context in *Gaudin*. There, we said that "under *Yates*, when an element of the crime that must be found by the jury is removed from jury consideration, that error cannot be harmless." 997 F.2d at 1272. The district court in *Gaudin* had held that the "materiality" element of an alleged false statements violation, 18 U.S.C. § 1001, was satisfied as a matter of law. It therefore did not instruct on materiality, such that the issue "was *completely removed* from the consideration of the jury and ... the jury had *no* opportunity to deliberate on that issue." *Id.* at 1272 (emphasis added). Since the jury "was deprived· of its fact-finding duty," we held this was plain error. *Id.* at 1273; *see also Sullivan*, —— U.S. at

——–——, 113 S.Ct. at 2080–82 (Fifth and Sixth Amendments require an *actual* jury finding of guilty beyond a reasonable doubt on all elements of the offense charged).

Unlike *Gaudin*, in this case the district court did *not* "completely remove from the consideration of the jury" the issue of Whitmore's knowledge. The jury was properly instructed that Whitmore had to act knowingly in connection with the drug transaction that underlies the § 843(b) violation. The jury was also instructed that Whitmore had to use a telephone to bring about the conspiracy to distribute cocaine or to bring about the distribution of or the possession with the intent to distribute a controlled substance. In these circumstances, we can be certain that the evidence the jury actually considered in accordance with the instructions the district court actually gave is so overwhelming as to leave it beyond reasonable doubt that the jury would have convicted Whitmore on the § 843(b) counts even if the district court had given a knowledge instruction on those counts.

The jury found that Whitmore knew the predicate transactions being facilitated by using the telephone were prohibited drug transactions and that he did indeed use the telephone. Failing to instruct that he had to knowingly and intentionally use the telephone to bring about those drug transactions has to be harmless.

Our decision in *United States v. Hegwood*, 977 F.2d 492 (9th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2348, 124 L.Ed.2d 257 (1993), does not compel a contrary conclusion. In *Hegwood*, the district court also gave the Model Instruction without the knowledge element, but added language out of the statute which included the requirement that the defendant act knowingly. Although we affirmed Hegwood's conviction, we observed that "[h]ad the district court merely read the model jury instruction, it would have committed plain error." *Id.* at 496. In that case, however, the defendants had not themselves placed the package containing drugs into the mail, but rather had *received* the package which had been sent by another individual. *Id.* at 498–99. Defendants challenged their conviction contending that they

were unaware of the contents of the package and hence had not knowingly or intentionally used the mails to commit a felony. *Id.* (challenging sufficiency of evidence to establish knowing or intentional use of mails to facilitate commission of felony). Here, in contrast, Whitmore *placed* the telephone calls that form the basis of his § 843(b) convictions. While there may have been uncertainty as to whether the defendants in *Hegwood* knew or intended for the package to contain cocaine, there can be no uncertainty that Whitmore knew he was using the telephone to facilitate the commission of a felony and Whitmore makes no allegations to the contrary. *See Olano,* —— U.S. at —— - ——, 113 S.Ct. at 1777–78 (defendant bears burden of persuasion with respect to prejudice). Therefore, we affirm.

**AFFIRMED.**

RYMER, Circuit Judge, concurring:

I write separately because the district court's failure to instruct on the knowledge element required for conviction on the communication counts was harmless beyond a reasonable doubt for another reason: The court correctly instructed on the knowledge element required to find Whitmore guilty of the underlying substantive offenses (Counts 26 and 31), the knowledge elements for each § 843(b) offense (Counts 25 and 30) and its underlying substantive offense are identical, and the jury returned guilty verdicts on those substantive offenses.

Whitmore challenges neither the sufficiency of the evidence nor the adequacy of the instructions on the knowledge element of the 21 U.S.C. § 841(a)(1) offenses. The underlying drug transaction was done entirely over the telephone in the case of Count 26, and in part over the phone and in part in person in the case of Count 31. It is therefore beyond question that the jury *had* to find that when Whitmore placed the telephone calls, he *knew* that he was doing so to facilitate the distribution of cocaine. This is the same knowledge required for a violation of 21 U.S.C. § 843(b). For this reason, Whitmore's knowledge for purposes of the § 843(b) counts was not completely removed from the jury's consideration; the jury in fact had a full opportunity to deliberate on that issue. *Cf. United States v. Gaudin,* 997 F.2d 1267, 1272 (9th Cir.), *reh'g en banc granted,* 5 F.3d 374 (9th Cir.1993).

We can thus be certain beyond a reasonable doubt that "the guilty verdict[s] actually rendered in *this* trial [were] surely unattributable to" the district court's failure to include the knowledge requirement in the § 843(b) instruction. *Sullivan v. Louisiana,* —— U.S. ——, ——, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993). Because such an error is harmless beyond a reasonable doubt, it is not an error "affecting substantial rights" and does not amount to plain error. *Gaudin,* 997 F.2d at 1271; *cf. United States v. Shabani,* 993 F.2d 1419, 1422 (9th Cir.1993) ("We have deemed omission of the overt act element [in a conspiracy case] harmless where the jury's determination of guilt on another substantive count served as the functional equivalent of a finding of an overt act.") (citing cases), *cert. granted on other grounds,* —— U.S. ——, 114 S.Ct. 1047, 127 L.Ed.2d 370 (1994).