83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fred TURPIN, Defendant-Appellant.
 No. 95-10296.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1996.*
Decided April 30, 1996.
 
 Before: HUG, Chief Judge, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fred Turpin appeals his conviction following a jury trial for use of a communications facility to facilitate the commission of a felony drug offense. 21 U.S.C. § 843(b). He also appeals his sentence under the Sentencing Guidelines. He asserts that the evidence was insufficient to support the verdict, that the district court should not have allowed an officer to testify as an expert on narcotics language, and that he was improperly sentenced. We affirm.
 
 
 3
 1. The district court allowed Officer Brooks to testify as an expert for the purpose of explaining the meaning of the coded narcotics language used by Turpin when he spoke with one of his drug cohorts. We, and others, have often permitted police officers to give evidence which explains the special coded lingo used by those in the drug trade. See United States v. Lennick, 18 F.3d 814, 821 (9th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 162, 130 L.Ed.2d 100 (1994); see also United States v. Thomas, 74 F.3d 676, 682 (6th Cir.1996); petition for cert. filed (Mar. 25, 1996) (No. 95-8380). United States v. Hoffman, 832 F.2d 1299, 1309-1310 (1st Cir.1987); United States v. Cirillo, 499 F.2d 872, 881 (2d Cir.), cert. denied, 419 U.S. 1056, 95 S.Ct. 638, 42 L.Ed.2d 653 (1974). The district court had sufficient evidence of Brooks' expertise before it. It did not abuse its discretion when it admitted his testimony. See Lennick, 18 F.3d at 821; see also United States v. Blaylock, 20 F.3d 1458, 1462 (9th Cir.1994). The district court properly instructed the jury to decide whether it would accept the testimony and, if it did so, what weight the testimony would be given, if any at all.
 
 
 4
 2. Turpin also claims that the evidence was insufficient to support the verdict against him. Again, he was convicted of facilitating the commission of a drug felony. 21 U.S.C. § 843(b). "In order to show a violation of § 843(b), the government must establish knowing and intentional use of a communications facility, e.g., a telephone, to facilitate the commission of a narcotics offense." United States v. Davis, 960 F.2d 820, 827 (9th Cir.) (internal quotation omitted), cert. denied, 506 U.S. 873, 113 S.Ct. 210, 121 L.Ed.2d 150 (1992); United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988); see also United States v. Whitmore, 24 F.3d 32, 36-37 (9th Cir.1994). There was ample evidence to find those elements in this case if the jury credited Officer Brooks' testimony, as we must assume it did. Clearly, Turpin was facilitating a felony drug transaction when he spoke with Logan.
 
 
 5
 Turpin asserts, however, that because he was acquitted of conspiracy he could not be convicted of facilitating. That simply is not the law. We must consider each count separately and must not speculate about why the jury chose to find Turpin guilty of one count and not guilty of the other. See United States v. Powell, 469 U.S. 57, 67, 105 S.Ct. 471, 478, 83 L.Ed.2d 461 (1984); United States v. Hart, 963 F.2d 1278, 1282 (9th Cir.1992). We will not be induced to enter the intellectual thicket that the Supreme Court has warned us away from. See Powell, 469 U.S. at 68-69, 105 S.Ct. at 479; Hart, 963 F.2d at 1281.
 
 
 6
 3. Turpin next claims that the district court erred when it determined that the amount of cocaine involved in his offense was five ounces (141.75 grams). We disagree. No doubt the government had to prove the amount of cocaine by a preponderance of the evidence. See United States v. Navarro, 979 F.2d 786, 788 (9th Cir.1992). However, it did so. Once the district court accepted Officer Brooks' testimony that the amount being spoken of was five ounces, the evidence was sufficient to seal Turpin's fate and to set his base offense level at 18. U.S.S.G. § 2D1.1(c)(11).[1]
 
 
 7
 4. Turpin next asserts that he was a minimal participant. U.S.S.G. § 3B1.2. The district court did not agree. The burden was upon Turpin to prove that he had a mitigating role in the offense. See United States v. Hoac; 990 F.2d 1099, 1105 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1075, 127 L.Ed.2d 392 (1994). The minimal participant adjustment is one that the Sentencing Commission intended for infrequent usage. U.S.S.G. § 3B1.2, comment. (n. 2). For example, it is intended for those who have only slight connections to drug transactions. That does not describe Turpin. As the district court said, he "was very much involved." A mere reading of the transcript shows that. The district court did not clearly err when it denied this adjustment. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1147, 130 L.Ed.2d 1106 (1995).
 
 
 8
 5. Turpin finally claims that the district court erred when it failed to grant him a downward departure. See U.S.S.G. § 5K2.0. However, discretionary refusals to depart downward are not reviewable on appeal. See United States v. Garcia-Garcia, 927 F.2d 489, 490 (9th Cir.1991). Here it is apparent that the district court refused to depart as a matter of discretion. Were we in any doubt about that, the fact that the court sentenced Turpin to the mid-range for his offense rather than at the bottom of the range would remove our doubt. It is clear that the district court was quite satisfied with the sentence and had no intention of reducing it. Despite counsel's impassioned plea, the district court thought that Turpin was receiving the sentence he deserved. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1190 (9th Cir.), cert. denied, 506 U.S. 890, 113 S.Ct. 258, 121 L.Ed.2d 189 (1992); cf. United States v. Koenig, 952 F.2d 267, 274 (9th Cir.1991). Thus, review is foreclosed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All references to the Sentencing Guidelines are to the version effective November 1, 1994