116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ruben PARRA-RUIZ, Defendant-Appellant.
 No. 95-10106.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted May 9, 1997.
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CR-94-00100-LKK; Lawrence K. Karlton, Chief District Judge.
 Before: HUG, Chief Judge, GOODWIN and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ruben Parra-Ruiz appeals his jury conviction and sentence for conspiracy to distribute and distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. Parra-Ruiz contends the district court erred by permitting the readback of testimony to the jury outside his presence in violation of his Sixth Amendment rights.[1] We disagree and affirm.
 
 
 3
 We reject Parra-Ruiz's claim that any error stemming from his absence during the readback of the testimony would be structural error. This Court classifies such an error as a trial error amenable to harmless error analysis. See, e.g., Healer v. Borg, 50 F.3d 1472, 1477 (9th Cir.1995).
 
 
 4
 Moreover, because Parra-Ruiz did not raise this issue before the district court, we review it under the plain error standard. See, e.g., United States v. Kupau, 781 F.2d 740, 743 (9th Cir.1986). Federal Rule of Criminal Procedure 52(b) sets forth the requirements for reversing a conviction for plain error. See United States v. Whitmore, 24 F.3d 32, 34 (9th Cir.1994). First, there must be an error. "Deviation from a legal rule is 'error' unless the rule has been waived." United States v. Olano, 113 S.Ct. 1770, 1777 (1993). Second, the error must be "plain," meaning "clear" or "obvious." Id. Third, the error must "affec[t] substantial rights." Id. at 1777-78 (alteration in original) (internal quotation marks omitted). The defendant bears the burden of persuasion with respect to showing prejudice. Id.
 
 
 5
 Parra-Ruiz's absence during the readback of the testimony was not error because he waived his right to be present. Parra-Ruiz had a constitutional right to be present when part of his trial was replayed for the jury. See. e.g., Kapau, 781 F.2d at 743 (replay of tape-recorded conversations); Bustamante v. Eyman, 456 F.2d 269, 273 (9th Cir.1972) (replay of tape-recorded jury instructions); see also United States v. Brown, 832 F.2d 128, 130 (9th Cir.1987) (analyzing defendant's absence at replay of tape to jury as violation of Fed.R.Crim.P. 43). But contrary to Parra-Ruiz's assertion, this right can be waived. His reliance on Bustamante is misplaced. This Court clarified in Campbell v. Blodgett that Bustamante does not stand for the proposition that counsel cannot waive a defendant's right to be present during a stage of the trial, but rather "that counsel cannot waive defendant's right to be present without the knowledge or consent of the defendant." 978 F.2d 1502, 1509 (9th Cir.1992) (emphasis added). Thus, this Court has held that an absent defendant could not waive his right to be present during some stage of the trial. See, e.g., United States v. Felix-Rodriguez, 22 F.3d 964, 967 (9th Cir.1994) (defendant not present to object to jury's request to replay conversation); Bustamante, 456 F.2d at 274 (defendant's absence meant he could not waive right to be present in courtroom at trial).
 
 
 6
 Here, Parra-Ruiz was told in open court of the jury's request for the readback of testimony. The district court gave him the choice of being present during the readback in court or of agreeing to let the court reporter do the readback in the jury room. The court's language was clear and the record does not indicate that Parra-Ruiz did not understand this choice or that he or his counsel disagreed with the readback of testimony in the jury room without the presence of the defendant or either counsel. A fair inference from the record is that, through counsel, defendant chose not to be present and hence waived this right.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Parra-Ruiz's counsel initially submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he found no meritorious issues for review and seeking to withdraw as counsel of record. Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 82-83 (1988), disclosed the potential Sixth Amendment readback issue. Accordingly, on October 9, 1996, we denied counsel's motion to withdraw and ordered briefing on this issue and any others that counsel found meritorious