**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Angel CONTRERAS,**
**Defendant–Appellant.**

**No. 01–30179.**

**D.C. No. CR–00–02089–FVS.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 29, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM**

Jose Angel Contreras appeals his jury-trial conviction and 121–month sentence for distributing methamphetamine in violation of 21 U.S.C. § 841(a). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm Contreras' conviction, and vacate the restitution aspect of his sentence.

■ The first issue presented is whether Contreras' conviction should be reversed because the district court erroneously admitted evidence of Contreras' juvenile adjudication as impeachment evidence, in violation of Federal Rule of Evidence 609(d). Because defense counsel failed to make a contemporaneous objection when the prior was introduced, we review the decision to admit the evidence for plain error. *See United States v.*

*Houser,* 804 F.2d 565, 570 (9th Cir.1986). The government concedes error,[1] but argues that the error did not affect Contreras' substantial rights, given the strength of the evidence indicating his guilt and the fact that a prior adult felony conviction was properly admitted for impeachment purposes. We agree. *See United States v. Whitmore,* 24 F.3d 32, 34–35 (9th Cir.1994) (per curiam) (stating that in order for a forfeited error to be reversible on appeal, the defendant must show that the error prejudiced the outcome of the district court proceedings).

■ Contreras also contends that the district court's judgment and commitment order improperly includes a order of restitution that was not part of the oral pronouncement of the sentence. Restitution was not ordered at the sentencing hearing, nor was it mentioned in the presentence report or the government's sentencing memorandum. Because the oral pronouncement of sentence controls over the written judgment, *see United States v. Allen,* 157 F.3d 661, 668 (9th Cir.1998), we vacate the judgment and remand. The district court shall, in conformity with the oral pronouncement, issue a new judgment order that does not include an order of restitution. *See* 28 U.S.C. § 2106.

AFFIRMED in part and VACATED and REMANDED in part.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *See* Fed.R.Evid. 609(d) (providing that "[e]vidence of juvenile adjudications is generally not admissible[, except the court may] in a criminal case allow evidence of a juvenile adjudication of a witness other than the accused").