**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Romeo Antonio CASTRO–AVALOS, aka**
**Tony aka Antonio Perez aka Salvado-**
**ran, Defendant—Appellant.**

No. 02–10374.

D.C. No. CR–00–00183–WJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided July 19, 2004.

**206**

---

Thomas C. Muehleck, AUSA, United States Attorney, Honolulu, HI, for Plaintiff–Appellee.

Stephen M. Shaw, Esq., Honolulu, HI, for Defendant–Appellant.

Before BROWNING, REINHARDT, and THOMAS, Circuit Judges.

MEMORANDUM *

Romeo Antonio Castro–Avalos ("Castro–Avalos") appeals his convictions for violating 21 U.S.C. § 843(b) by using a telephone to facilitate a conspiracy to distribute cocaine. We reverse Castro–Avalos's convictions on all counts because the Government presented insufficient evidence of the existence of the conspiracy it claims he facilitated.

Castro–Avalos claims his conviction for telephone facilitation of a conspiracy cannot stand because it is inconsistent with the jury's acquittal of him on a separate conspiracy charge. The Supreme Court rejected a similar contention in *United*

States v. Powell, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984).

The Court stressed, however, that the permissibility of inconsistent verdicts does not affect a court's independent review of the sufficiency of the evidence on the § 843(b) charge, which Castro–Avalos also contests. *See id.* at 67, 105 S.Ct. 471. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Conviction under 21 U.S.C. § 843(b) "requires the government to prove that the defendant knowingly or intentionally used [a] communication device in order to aid or facilitate the underlying criminal violation." *United States v. Whitmore*, 24 F.3d 32, 35 (9th Cir.1994). An offense that is not committed cannot be "facilitated," so the commission of the facilitated offense is "a fact necessary to constitute the crime" of facilitation under § 843(b). *See United States v. Iennaco*, 893 F.2d 394, 396–97 (D.C.Cir.1990) (R.B. Ginsburg, J.). On a sufficiency challenge, we affirm if we determine, "after viewing the evidence in the light most favorable to the prosecution, [that] *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The Government argues that Castro–Avalos facilitated a conspiracy with Felipe Ruiz–Castro to distribute cocaine to Castro–Avalos's roommate.[1] The elements of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Even if the Government had argued that Castro–Avalos facilitated Ruiz–Castro's wider conspiracy to distribute, its evidence is insufficient to prove that he "knowingly or intentionally facilitated" that conspiracy. *See United States v. Martin*, 599 F.2d 880, 888–89 (9th Cir.1979) (holding that purchase of drugs alone does not constitute "facilitation" of a conspiracy to distribute within the meaning of § 843(b)), *overruled on other grounds by United States v. De Bright*, 730 F.2d 1255, 1258 (9th Cir.1984) (en banc).

a drug conspiracy under 21 U.S.C. § 846 are "(1) an agreement to accomplish an illegal objective, and (2) the intent to commit the underlying offense." *United States v. Herrera–Gonzalez,* 263 F.3d 1092, 1095 (9th Cir.2001). Even viewing the evidence in the light most favorable to the Government, no rational trier of fact could have found, beyond a reasonable doubt, that Castro–Avalos formed an agreement to distribute cocaine to his roommate or anyone else. There is simply no evidence, direct or circumstantial, that an agreement existed.

The prosecutor at trial attempted to prove there was a conspiracy by questioning Ruiz–Castro, the other member of the alleged two-man conspiracy. Ruiz–Castro's testimony regarding his knowledge of what Castro–Avalos did with the drugs he bought was equivocal at best. At one point Ruiz–Castro testified that Castro–Avalos said that he passed some of the cocaine on to a roommate; at another point Ruiz–Castro testified that Castro–Avalos did not say what he was doing with the cocaine. As to an agreement to distribute, however Ruiz–Castro was unequivocal, testifying flatly at trial that there was none:

Q: Did you have any agreement, at all, with Mr. Castro–Avalos, to package cocaine?

A: No.

Q: Distribute cocaine?

A: No.

As Ruiz–Castro's testimony was the prosecution's sole basis for asserting that there was an agreement and as this witness explicitly denied the agreement's existence, we hold that no rational jury could have found that the agreement to distribute had been proved beyond a reasonable doubt.

Therefore, the Government presented insufficient evidence of the existence of the conspiracy it alleges Castro–Avalos facili-

tated, and we REVERSE his § 843(b) convictions.